﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190409-17472
DATE: April 30, 2021

REMANDED

Service connection for lumbar strain with back spasms (claimed as back) as secondary to service-connected disability of right knee osteoarthritis status post ACL reconstruction is denied is remanded.

REASONS FOR REMAND

The Veteran had active service from September 2000 to October 2002. 

The Veteran’s claim for service connection for a lumbar strain with back spasms was denied in a December 2018 rating decision and the Veteran submitted a Decision Review Request: Board Appeal (Notice of Disagreement), VA Form 10182, in accordance with the provisions of 38 C.F.R. § 20.202(b)(1), electing the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim of service connection for a low back disability, the evidence can be considered by the Regional Office on remand. 

The Veteran was previously represented by Evelyn D. Beacham, attorney, (as reflected in a Department of Veterans Affairs (VA) Form 21-22a, Appointment of Individual as Claimant’s Representative, filed in September 2015), but in July 2020, he revoked Evelyn D. Beacham’s representation of his claim. Therefore, the Board notes that the Veteran is representing himself.

1. Service connection for lumbar strain with back spasms (claimed as back) as secondary to service-connected disability of right knee osteoarthritis status post ACL reconstruction is remanded.

The Veteran contends that his low back disability is secondary to his service-connected right knee disability.

To establish secondary service connection, a Veteran must provide evidence of (1) a current, non-service-connected disability, (2) a current service-connected disability, and (3) evidence that the non-service-connected disability is either (i) proximately due to or the result of a service-connected disability or (ii) aggravated (increased in severity) beyond its natural progression by a service-connected disability. 38 U.S.C. § 1110; Allen v. Brown, 7 Vet. App. 439, 446 (1995); 38 C.F.R. § 3.310. 

In March 2014, the Veteran underwent VA physical therapy for his back pain. The VA physical therapist opined that the Veteran’s low back pain was probably due, in part, to right knee pain causing an antalgic gait. No rationale was provided and therefore the opinion cannot be the basis for a grant of service connection. 

In April 2015 the Regional Office (RO) obtained a medical opinion that addressed whether the Veteran’s low back disability was proximately due to or the result of the Veteran’s right knee disability. However, the AOJ did not request, nor did the April 2015 VA examiner provide, an opinion as to whether the Veteran’s low back disability was aggravated (i.e. increased in severity beyond its natural progression) by his service-connected diabetes. Therefore, the April 2015 VA examination is inadequate for adjudication purposes, and the failure to obtain an adequate examination constitutes a pre-decisional duty to assist error by the RO. The Board concludes that remand is necessary to correct this duty to assist error.

The matter is REMANDED for the following action:

1. Obtain an addendum opinion on the nature and etiology of the Veteran’s low back disability. The need for an additional in person examination is left to the discretion of the medical professional offering the addendum opinion.

The examiner should provide an addendum opinion that addresses whether it is at least as likely as not that the Veteran's low back disability has been aggravated (i.e. increased in severity) beyond its natural progression by a service-connected disability, to include his service-connected right knee disabilities. 

A complete rationale should be given for all opinions and conclusions expressed. If the examiner cannot provide an opinion without resorting to speculation, it is essential that the examiner explain why an opinion cannot be provided and specifically state whether the inability to provide an opinion is due to the limits of the examiner's knowledge, the limits of medical knowledge in general; or there is additional evidence that would allow for an opinion on this matter.

 

 

D. SMART

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Costello, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.